■ EINAR L. JOHNSON, Plaintiff, v. M. F. HICKEY COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. GEORGE J. WALDIE TOWING Co., INC., Third-Party Defendant-Respondent.— In this negligence action by an employee of the third-party defendant, George J. Waldie Towing Co., Inc., to recover damages for personal injuries, the defendant third-party plaintiff, M. F. Hickey Company, Inc., appeals from an order of the Supreme Court, Kings County, dated August 29, 1966, which granted Waldie's motion to dismiss the third-party complaint for insufficiency. Order affirmed, without costs. Although the complaint was originally against both parties to this appeal, it was dismissed as to Waldie, upon its motion for summary judgment

(*Johnson* v. *Waldie Towing Co.*, 25 A D 2d 537). The complaint, now solely against Hickey, alleges that Hickey was the owner of a pier to which a vessel owned by Waldie was tied, and that plaintiff (the captain of Waldie's vessel) was injured on the pier because of Hickey's negligence in (1) failing to provide plaintiff with a safe means of ingress to and egress from the vessel through the pier, (2) maintaining vicious animals on the pier without proper control and (3) failing to provide plaintiff with a safe place to work. In our opinion, plaintiff may recover only by proof that Hickey was actively negligent in maintaining the vicious animals on the pier and thus failed to provide plaintiff with a safe means of ingress and egress. There is no claim by plaintiff, in the complaint as it presently remains, that Hickey maintained the pier in an unsafe condition merely as the result of permitting Waldie to maintain vicious animals on the pier without Hickey's knowledge. The charge of plaintiff's complaint is that Hickey created and maintained the dangerous activity on its property. Under these circumstances, the third-party complaint is insufficient (*Bush Term. Bldgs. Co.* v. *Luckenbach S.S. Co.*, 9 N Y 2d 426). Beldock, P. J., Christ, Brennan and Rabin, JJ., concur; Hopkins, J., dissents and votes to reverse the order and to deny the motion, with the following memorandum: In determining the sufficiency of the third-party complaint, we read its allegations and the allegations of the prime complaint together and accept them as true. (*Musco* v. *Conte*, 22 A D 2d 121). If there is any possibility of liability against the third party, the third-party complaint survives attack (*Pochari* v. *County of Westchester*, 15 A D 2d 823). As the complaint is unclear in alleging what was the precise cause of plaintiff's injury, it is susceptible to several constructions, one of which is that Hickey's passive negligence as owner of the pier in failing to provide plaintiff with a safe means of ingress and egress and Waldie's active negligence in maintaining vicious animals on the pier combined to bring about plaintiff's injury. Whether this construction is the fact cannot be determined from the face of the pleadings and hence the question of the validity of the third-party complaint should be reserved for the trial (*Humble Oil & Refining Co.* v. *Kellogg Co.*, 13 A D 2d 754; *Solomon* v. *Marseilles Hotel Corp.*, 1 A D 2d 766).